UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS ROBERT MAINS, | No. 2:15-cv-0064 KJM DAD P |
| Petitioner, | |
| v. | ORDER AND |
| MCSP, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In accordance with the court's January 14, 2015 order, petitioner has filed an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the court will grant petitioner's application to proceed in forma pauperis.  <u>See</u> 28 U.S.C. § 1915(a).

For the reasons discussed herein, the court will recommend that the instant petition be dismissed for failure to state a cognizable claim for federal habeas corpus relief and because this action is duplicative.

**PRELIMINARY SCREENING**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

1

1  petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254

2  Cases.  See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Gutierrez v. Griggs, 695

3  F.2d 1195, 1198 (9th Cir. 1983).  The Advisory Committee Notes to Rule 8 indicate that the court

4  may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary

5  dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the

6  answer and petition are considered; or a dismissal after consideration of the pleadings and an

7  expanded record."

## BACKGROUND

Petitioner commenced this action by filing a petition for a writ of habeas corpus, challenging his 2011 judgment of conviction for first-degree murder with a firearm.  Pursuant to that conviction petitioner was sentenced in the Sacramento County Superior Court to fifty years to life in state prison.  Petitioner's only claim in his pending federal habeas petition is "My wife poisoned me."  He asserts no other claims and has included no factual allegations in support of his claim in his petition for habeas relief.  (Pet. at 4.)  In a subsequent filing, petitioner claims that his wife was poisoning him, and on April 25, 2008, he was delusional and shot his wife believing she was a black wolf.  (Doc. No. 7)

## ANALYSIS

The court will recommend that the instant petition be dismissed.  As an initial matter, petitioner has failed to state a cognizable claim for federal habeas corpus relief.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where allegations of a petition are vague or conclusory); see generally Rules 2 & 4, Federal Rules Governing Section 2254 Cases.  Moreover, although the undersigned would typically grant petitioner leave to file an amended petition, according to the court's own records, petitioner has an earlier-filed petition for federal habeas relief pending before this court in which he challenges his same 2011 judgment of conviction.  See Mains v. Lizarraga, Case No. 2:14-cv-0504 JAM EFB P.[1]  If petitioner wishes to raise any additional claims challenging his 2011 judgment of conviction, he

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

2

should file a motion for leave to amend his petition in Case No. 2:14-cv-0504 JAM EFB P.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis (Doc. No. 5) is granted.

IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim for federal habeas corpus relief and as duplicative.

These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  March 4, 2015

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
main0064.156